## STATE OF CONNECTICUT *v.* JOHN McDOWELL

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and A. HEALEY, Js.

Argued June 12—decision released September 11, 1979

*Igor I. Sikorsky,* with whom, on the brief, was *Kenneth L. Shluger,* law student intern, for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

COTTER, C. J. In a two-count information, the defendant was charged with the sale of a narcotic substance on August 31, 1976 and on September 8, 1976, in violation of Public Acts 1975, No. 567, § 65 (a).[1] After a trial to a jury, the defendant was found guilty as charged and he has taken an appeal from the judgment rendered on the verdict. The defendant claims error in three evidentiary rulings of the trial court.

## I

The defendant first claims error in the admission of the testimony of three state police officers relating to the investigation of the defendant prior to his arrest. In support of this claim, he contends that: (a) the officers were permitted to testify that they had received complaints that the defendant was engaged in the sale of narcotics; (b) those witnesses were allowed to characterize the defendant as a "criminal type"; and (c) the officers' statements concerning "rumors" about the defendant were neither competent nor relevant to the charges contained in the information.

The entire testimony to which the defendant refers may be summarized as follows: Trooper Robert N. Blair, an undercover police officer assigned to the statewide narcotics task force and the person to whom the defendant's alleged sales of the narcotics were made, testified before the jury, over objection by the defendant, that on or before August 12, 1976, he received a complaint concerning

[1] See General Statutes § 19-480 (a).

the defendant and, as a result of that complaint, he conducted an investigation. Thereupon, the state asked the witness to relate the "purpose or objective" of his investigation of the defendant. Over the defendant's objection, Blair was permitted to respond to that question in the following manner: "To determine whether or not Jack McDowell was selling illegal narcotics."[2] Similarly, Trooper David A. Zupnik and Sergeant John Calhoun of the Connecticut state police testified, over the defendant's objections, that they participated in an investigation of the defendant in the summer of 1976.

As an examination of the preceding summary of the relevant testimony clearly indicates, there is simply no factual basis for the defendant's claim that the officers were permitted to testify, in violation of the hearsay rule, that each "had received complaints that the defendant was actively engaged in the sale of narcotics." Trooper Blair answered affirmatively when asked if he "received a complaint which concerned this defendant." No testimony was elicited in the presence of the jury as to the contents of that complaint, and, as we have noted (footnote 2), the court specifically ruled that such testimony would be inadmissible. See *State* v. *Vennard,* 159 Conn. 385, 392–93, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625. In the present case, the testimony that a "complaint" had been received which led to a police investigation of the defendant and to his subsequent arrest for the

---

[2] When the above question was first asked, the defendant objected prior to the witness' response and an offer of proof was made outside the jury's presence. At that time, the court indicated that the witness would *not* be permitted to testify that he received information that the defendant was engaged in the "trafficking" of narcotics, but that the above-noted testimony regarding the *purpose* of the investigation was proper.

crime for which he was on trial, contrary to the stance taken by the defendant, did not amount to hearsay testimony characterizing the defendant as a "criminal type" or constitute inadmissible character evidence of other crimes irrelevant to the matters in issue. See McCormick, Evidence (2d Ed.) § 248; cf. *State* v. *Vennard,* supra; 1 Wharton, Criminal Evidence (13th Ed.) §§ 230, 240.

## II

The defendant next claims that the trial court erred in excluding testimony of a defense witness as to the contents of an alleged telephone conversation with the defendant on August 31, 1976.

Testifying in his own behalf, the defendant related that he and his wife had spent August 31, 1976, the date of the first alleged narcotics sale, in Boston, Massachusetts. Among other matters, he testified that on that date he placed a long-distance telephone call to a friend, Attorney Joseph J. Farnan, Jr. of Wilmington, Delaware. Although the defendant, in his brief, asserts that he testified that the purpose of the call was "to tell Farnan where he and his wife would be dining in Boston that evening," and that he was precluded from testifying as to the contents of that call by the ruling of the trial court, a review of the pertinent portions of the transcript cited by the defendant clearly fails to support such a characterization of the defendant's trial testimony.

In any event, when Farnan himself was called as a witness by the defense later in the trial, the court, in advance of his testimony, ruled that the witness would not be allowed to testify that the defendant

told Farnan that he was in Boston and was planning to eat dinner at a particular restaurant there.[3] The court's exclusion of such testimony, over the defendant's objection, was based upon its determination that the statements purportedly made by the defendant were self-serving declarations.

The defendant correctly points out that " '[a] declaration indicating a present intention to do a particular act in the immediate future, made in apparent good faith and not for self-serving purposes, is admissible to prove that the act was in fact performed.' " *State* v. *Perelli,* 125 Conn. 321, 325, 5 A.2d 705; *Smith* v. *Firestone Tire & Rubber Co.,* 119 Conn. 483, 490, 177 A. 524; *State* v. *Journey,* 115 Conn. 344, 351, 161 A. 515; 6 Wigmore, Evidence (Chadbourn Rev. 1976) § 1725. In the present case, however, it is clear that the declarations were not offered, in accordance with the evidentiary rule, to show the subjective state of mind of the defendant, (i.e., that he intended to go to a particular restaurant for dinner), but rather, to establish the objective fact that the defendant was in Boston at the time of the conversation. Under those circumstances, the proffered testimony of Farnan constituted inadmissible hearsay concerning a self-serving declaration of the defendant. *General Motors Acceptance Corporation* v. *Capitol Garage, Inc.,* 154 Conn. 593, 598, 227 A.2d 548; see *State* v. *Saia,* 172 Conn. 37, 50–51, 372 A.2d 144; 6 Wigmore, loc. cit. The trial court, therefore, did not err in excluding that portion of the witness' testimony.

[3] Farnan's trial testimony that was permitted partially corroborated the defendant's version of the facts. He asserted, inter alia, that a telephone call, which he believed to be a long-distance call, was received by him from the defendant on the date and about the time claimed by the defendant.

## III

The defendant's final claim of error concerns the trial court's alleged refusal to admit into evidence a prior inconsistent statement of a state's witness.

Prior to the presentation of any evidence, the trial court examined a report of the internal affairs division of the state police department which concerned the investigation of a complaint made against Trooper Blair, the state's principal witness. Although defense counsel requested that the entire report be made available to him for use during the trial, the court, on the basis of its review of the report, sustained the state's objection to such disclosure concluding that the report did not contain any exculpatory information or material and that no prior inconsistent statements were apparent from the report at that time. Following the cross-examination of Blair, the court again denied defense counsel's request that the full report of the internal affairs division be made available to him.

Philip Stoddard, a witness called by the state, testified on direct examination that he observed the defendant sell narcotics to Trooper Blair in the summer of 1976. Following the direct examination of Stoddard, the defendant again requested the disclosure of the entire internal affairs report. The court denied the request but ordered that a statement of the witness and a taped conversation of the witness be taken from the report and turned over to defense counsel. The statement, which was marked defendant's Exhibit 2 for identification, was used by defense counsel in his cross-examination of Stoddard. This so-called "affidavit" of Stoddard

apparently contained statements inconsistent with the witness' direct testimony regarding his observations of the narcotics sales in question.

The defendant argues that the affidavit was offered in evidence to show that the witness, Stoddard, had made a prior inconsistent statement; and he claims error in the trial court's ruling denying the admission of that document. The short answer to this claim is that the portions of the transcript referred to by the defendant simply do not reveal that the defendant at any time requested that the affidavit be made a full exhibit. To the contrary, the transcript indicates that the requests made by the defendant were directed to the disclosure of the entire internal affairs division report and not to the admissibility of any particular item contained therein.[4]

Moreover, since on cross-examination Stoddard's attention was called to his prior inconsistent statement and he admitted making the statement, the additional documentary evidence of inconsistency might be deemed to have been merely cumulative. See *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.*, 177 Conn. 58, 61, 411 A.2d 31; 2 Wharton, Criminal Evidence (13th Ed.) § 468.

There is no error.[5]

In this opinion the other judges concurred.

---

[4] In fact, in a subsequent colloquy in the jury's absence, the court pointed out to defense counsel that the document was never offered into evidence. Although counsel indicated that it would be offered at a later date, he apparently failed to do so.

[5] Although in this opinion we discuss the merits in full, we cannot condone the practice of some appellate counsel of completely disregarding the rules of appellate procedure, especially as they apply to preserving evidentiary errors. On occasion, we have overlooked the failure on the part of some counsel to outline claimed evidentiary

errors in narrative form in the text of the brief because it was apparent that there was some confusion concerning the rule changes in general. We took this lenient stance even though the procedure for claimed evidentiary errors itself had not changed. Sufficient time, however, has elapsed so as to require adherence to the rules of appellate practice. Practice Book, 1978, § 3060F (c) (3) (formerly § 3054) sets out the procedure for review of claimed evidentiary errors in both jury and court cases.

The present case illustrates the wisdom of complying with those rules. There was no attempt to follow Practice Book, 1978, § 3060F (c) (3) in the defendant's brief. Reference was made to the transcript and in some instances it failed to support the statement made.

The rules require only one transcript to be filed in this court. With the volume of cases requiring appellate consideration, the dalliance in waiting to review the full transcript in every one of the cases that are assigned and argued monthly would result in an intolerable delay.

Henceforth, the rulings that are claimed as evidentiary errors to be reviewed by this court *must* be provided and printed in the briefs as required and outlined by the Practice Book.