[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO SIXTH AND SEVENTH COUNT'S
This is a seven-count complaint arising out of an alleged assault by one minor against another on December 27, 1988.
The original complaint consisted of five counts, sounding in assault and negligence, by the plaintiff-minor and his mother against the defendant-minor and the defendant parents. On April 22, 1991 plaintiffs amended their complaint by adding a sixth count by the plaintiff-minor against the defendant-minor and a seventh count in which the plaintiff mother seeks reimbursement for medical expenses, with counts containing new specifications sounding in negligence.
Defendants have moved for summary judgment on the ground that the new specifications in the sixth and seventh counts are barred by the two-year statute of limitations.
It is well-settled that amendments, unless they allege a new cause of action, relate back to the date of the complaint. Keenan v. Yale New Haven Hospital, 167 Conn. 284-85 (1974); Jonap v. Silver, 1 Conn. App. 550, 555 (1984). A cause of action is "that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Sharp v. Mitchell,209 Conn. 59, 71 (1988). Where all of the plaintiffs' theories of liability arise from a single group of facts, only one cause of action is stated. Jonap, 1 Conn. App. at 556-57; see also Cooper v. Ketoner, 35 Conn. Sup. 38, 43 (Super.Ct. 1978); 1 Stephenson, Conn. Civ. Proc. (2d. Ed.) 99, p. 408.
In this action, since the acts which gave rise to the plaintiff-minor's claim for assault are not separate and distinct from the acts which gave rise to the alleged negligence action, counts six and seven of the amended complaint fairly relate back to the date of the complaint.
Motion for summary judgment is denied.
Wagner, J.