[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the plaintiff's, Pinto Lavado Enterprises, Inc., request to file an amended complaint. The original complaint was filed on March 19, 1992 against defendants Allstate Cleaning, Inc. and Environmental Services Group in two counts ("ESG"). In response to defendants' request to revise, the plaintiff filed a revised complaint on July 30, 1992, by order of the court (Leuba, J). CT Page 7193
All of the parties are in the commercial floor cleaning business. Counts one and two each allege a violation of CUTPA by both defendants. The plaintiff alleges that the defendants' practice of hiring illegal immigrants made it impossible for the plaintiff to keep and maintain cleaning contracts with Stop Shop grocery stores of Groton and Waterford because the plaintiff had a higher labor cost than the defendants. The plaintiff claims that the defendants were able to circumvent certain wage and other labor laws or standards, and thus reduce their total overall cost of operation. Because of these alleged practices, the plaintiff asserts that it was unable to fairly compete against the defendants. It is the continued practice of hiring illegals that forms the core of the plaintiff's CUTPA claims.
The plaintiff now proposes to amend his complaint to add additional counts. Count three of the proposed amended complaint claims that ESG tortiously interfered with a business expectancy of the plaintiff. Count four states that ESG was negligent in failing to properly screen, verify, and discharge prospective and actual employees in order to determine their immigration status. Count five states a claim of negligence per se by alleging that ESG violated various federal employment and immigration statutes. Finally, count six alleges that ESG was reckless in hiring and employing illegal immigrants.
The defendant ESG opposes the plaintiff's request to amend on the ground that all of the proposed amendments would be time barred by the three year statute of limitations as set forth in General Statutes § 52-577.
Such actions would only be time barred, however, if the court determines that the amendments do not relate back to the filing of the original complaint.
Connecticut courts generally follow a liberal policy in allowing amendments to complaints. See Cooper v. Ketover,35 Conn. Sup. 38, 42, 393 A.2d 64 (1978). The standard that the trial court must use when ruling on a request to amend was succinctly stated by our appellate court in the case of Jonapv. Silver, 1 Conn. App. 550, 555-56, 474 A.2d 800 (1983). The court noted: CT Page 7194
 The trial court may allow, in its discretion, an amendment to pleadings. . . . Such a ruling can be reversed only upon a clear showing of an abuse of discretion. . . . Factors to be considered in determining whether there has been an abuse of discretion include unreasonable delay, fairness to opposing parties and the negligence of the party offering the amendment. . . .
 An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . A cause of action must arise from a single group of facts. . . . The test for determining whether or not a new cause of action has been alleged is somewhat nebulous. To relate back to the institution of the action the amendment must arise from a single group of facts. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . An amendment may properly expand or amplify what had originally been alleged in support of the cause of action. . . . A change in the allegations of liability, therefore, does not necessarily amount to the introduction of a new cause of action. . . . Where an entirely new and different factual situation is presented, however, a new and different cause of action is stated.
 (Citations omitted; internal quotation marks omitted.) Id.
Upon careful review of the original complaint and proposed amended complaint, the court finds that the proposed amendments, while related to the original CUTPA counts, can not be said to relate back to them.
The proposed amendments are separate and distinct common law CT Page 7195 based causes of action. This case has been pre-tried on September 1, 1994, and is now currently awaiting assignment to the court-side trial list. To allow these new causes of action to go forward at this juncture would be an abuse of the court's discretion especially since they would be time barred by the applicable statute of limitations. Furthermore, the four additional counts can not be realistically found to be mere amplifications of the allegations contained in the two original CUTPA counts.
Therefore, plaintiff's request to amend is hereby denied.
Hurley, J.