[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Cadle Company (Cadle) filed a complaint against the defendant, Himmel Brothers Company (Himmel), on March 11, 1996. The one-count complaint sounds in foreclosure of a mortgage assigned to Cadle. Cadle alleges in the complaint that Himmel, the mortgagor of the property in dispute, has "failed to make payments of principal and interest" and "failed to pay real estate taxes." (Complaint, paragraph 7).
Cadle filed a motion for leave to amend its complaint on July CT Page 4502 20, 1998, more than two years after the filing of the original complaint. Cadle seeks to add a cause of action for collection of the mortgage debt again at Himmel. This court denied Cadle's motion on February 3, 1999. Cadle filed a motion to reargue, pursuant to Practice Book § 11-12, on February 22, 1999.[1]
Cadle seeks to amend its complaint pursuant to Practice Book § 10-60. "An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action." Jonap v. Silver, 1 Connecticut App. 550, 555, 474 A.2d 800 (1984). In Jonap v. Silver, supra 550, the court explained, "[t]o relate back to the institution of the [cause of] action the amendment must relate to a single group of facts." Id., 556. That court recognized that "the test for determining whether or not a new cause of action has been alleged [is] somewhat nebulous." Id.
The Connecticut Supreme Court, however, has clearly stated the distinction between a mortgage and a note as follows: "[a] note and a mortgage given to secure it are separate instruments, executed for different purposes and, in this state, an action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action,
although both may be pursued in a foreclosure suit." (Emphasis added.) New Milford Savings Bank v. Jajer, 244 Conn. 251, 266-67,708 A.2d 1378 (1998).
Plaintiff cites Podaras v. Corcoran, Judicial district of New Haven at Meriden, Docket No. 255982 (November 13, 1998, Beach, J.) In support of the proposition that the collection cause of action in the amended complaint relates back to the foreclosure action in the first complaint because the same facts are alleged in both causes of action.
In Podaras the two causes of action were negligence and willful conduct, not foreclosure and collection.
Neither the Connecticut Supreme Court nor the Connecticut Appellate Court has determined whether a collection action in an amended complaint will relate back to a foreclosure action in the original complaint.
In the absence of such a determination, this court follows the holding set forth in New Milford Savings Bank v. Jajer,
supra, 244 Conn. 251, thereby recognizing that an action on a CT Page 4503 mortgage and an action on a note are separate and distinct. For this reason, the action on the note cannot relate back to the foreclosure action.
The foreclosure action and a collection action are separate and distinct causes of action, Cadle should not be allowed to amend its complaint.
Accordingly the motion Cadle to reargue is denied.
Donald W. Celotto Judge Trial Referee