[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs bring this action in seventeen counts against the defendant Meisler. The defendant moves to strike counts five, six, seven, nine, ten, eleven, twelve, thirteen, sixteen and seventeen of the revised complaint.
 I
As to counts five, six, seven, sixteen, seventeen they assert claims which appear to be based upon invasion of privacy by false light.
The defendant appears to claim that the definition of the cause of action set forth therein, invasion of privacy by false light, requires a degree of dissemination of information such that it be expressed to the public at large. Hence, under that theory an expression directed to a specific group of people, rather than to the "public at large" would not qualify under the concept of "invasion of privacy by false light." Neither of the Connecticut appeals cases, Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107 (1982) nor Jones v. Silver,1 Conn. App. 550 (1984) place such a specific limitation on the cause of action. In fact, in the Jones cases, supra, the communication was made to the publishers of a magazine which, it may be assumed, has a discrete readership, concerned with animal nutrition and health. It is difficult to conceive that such a discrete group of interested readers would be the "public at large".
Perhaps at the opposite end of the spectrum would be a confidential communication to one individual on a "for your eyes only" basis. That is CT Page 9212 not the case herein. Common sense indicates that when alleged communications of the nature, herein alleged as being made to state's attorneys, would not be expected to be so confidential as to not be shared with legitimately interested groups, such as their staff investigators and the like. Where such dissemination of information is to be naturally expected by the nature of the correspondence, and the position of the person to whom it is directed, the court cannot say, as a matter of law, that it doesn't comply with the term "publicity."
The motion to strike counts five, six, seven, sixteen and seventeen on this basis is denied.
 II
As to counts nine, ten and eleven of the plaintiffs revised complaint the defendant claims that the counts are insufficient to allege claims of tortious interference with a business relationship.
The plaintiff, in these counts sounding in tortious interference with the plaintiffs business, claims interference with her professional and employment relationship. In essence the defendant claims that the plaintiff has not set forth any specifics as to the way in which the communication actually interfered with her relationship with her employer, or with others with whom she had a business relationship, or the specific losses which are claimed to have been incurred or which in the future will probably be incurred. Actual loss to the plaintiff of course is an element of the cause of action. See DeNapoli v. Cooke,43 Conn. App. 419, 426 (1996). There must be a resulting loss of benefits of the relationship. See Buckley Broadcasting Corp., 47 Conn. App. 243,245 (1998).
The plaintiff has pleaded conclusory facts in pleading this cause of action — i.e. interference and its consequences of emotional distress and possible future loss. The pleading barely complies with Practice Book § 10-1, fact pleading. The defendant, however, is entitled to be informed, in the complaint, as to the specific consequences of the alleged activity of the defendant.
The pleading survives the motion to strike. However, it undoubtedly should be made more specific, in particular detail, to alert the defendant as to what the plaintiff is actually claiming. See Requestto Revise, Practice Book § 10-35. The defendant is given permission, under P.B. § 10-7 to file a request to revise out of order of the sequence of Practice Book § 10-6.
The motion to strike counts nine, ten, and eleven of the complaint CT Page 9213 are denied.
 III
The defendant moves to strike count twelve of the complaint claiming that the complaint is insufficient to allege a claim for intentional infliction of emotional distress. The defendant claims that the conduct of the defendant was not "extreme and outrageous".
The court cannot conclude that the alleged conduct of the defendant was not extreme and outrageous. See Peyton v. Ellis, 200 Conn. 243,253 (1986). It requires "conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause mental distress of a very serious kind." DeLaurestitis v. NewHaven, 220 Conn. 225, 267 (1991).
It is difficult to envision a more serious accusation leveled against an assistant state's attorney then to claim that the attorney was engaged in the destruction of public records which could be of use to a potential defendant in assisting him in defending against claims of crimes for which he was being investigated. The accusations, if proven, would constitute a violation of General Statutes § 53-153, a felony which carries a potential sentence often years. The fact that the plaintiff is a public officer who presumably has access to these records, presumably not available to the public, coupled with her responsibility as a prosecutor not to diminish the ability of a citizen to legitimately defend himself would cause the alleged conduct to be particularly egregious.
Bearing in mind the plaintiff's claim that the defendant's conduct was reckless and intentional, if that were to be proven, the court cannot say that such conduct would not be extreme and outrageous.
The motion to strike count twelve of the complaint is denied.
 IV
The defendant moves to strike count thirteen of the complaint claiming that any alleged distress suffered by the plaintiff was not reasonable in light of the defendant's alleged conduct.
It appears to be the defendant's claim that the alleged emotional distress would produce nothing more than some type of an indignity. What is overlooked is that the alleged communications would go to the heart of the plaintiffs professional integrity and her reputation as an attorney and a state's attorney. It is difficult to envision a CT Page 9214 criticism which may be more disturbing and intentionally unsettling, to say the least, then would be this type of ethical attack.
As to the second reason for the motion to strike count thirteen the defendant appears to claim that the alleged conduct of the defendant was reasonable, and further that the defendant denies making certain statements attributable to him.
These arguments relate to questions of fact. This court cannot decide questions of fact in the content of a motion to strike.
The motion to strike count thirteen of the complaint is denied.
L. Paul Sullivan, J.