PAMELA KORN *v.* MARION R. RENNISON

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 90257

Memorandum filed November 12, 1959

*Benjamin M. Chapnick,* of New Haven, for the plaintiff.

*Francis R. Danaher,* of Meriden, for defendant Marion R. Rennison.

*Wiggin & Dana,* of New Haven, for defendant Register Publishing Co.

*Emanuelson & Wynne,* of New Haven, for defendant E. W. Malley Co.

ALCORN, J. The plaintiff, a minor, brings this action by her mother to recover damages. The substance of the complaint is that, through an arrangement and agreement between the three defendants, a photograph of the plaintiff was published for advertising purposes in the defendant newspaper with-

out the knowledge, consent or permission of the plaintiff and in violation of her personal liberties and private rights, as a result of which the defendants received pecuniary and monetary benefits and advantages while the plaintiff received none and was subjected to ridicule, embarrassment, vexation and humiliation.

The defendants demur upon three grounds: that the complaint fails to state a cause of action recognized in Connecticut; that the facts alleged do not constitute a cause of action; and that reference to the publication, which is made a part of the complaint, demonstrates that the plaintiff suffered no damage.

The first ground of demurrer presents the question as to whether or not, in this state, a tort action will lie for an invasion of the right of privacy. The question has never been decided. The subject was referred to in *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, where the court said (p. 309), "Even if we were to hold that the right of privacy exists in Connecticut, the facts alleged in the complaint are inadequate to establish a violation of that right." In *O'Connell* v. *Hartford Times, Inc.,* 15 Conn. Sup. 85, 86, an action for violation of the right of privacy was discussed but there again the decision turned upon the fact that even if such a right of action existed the complaint was insufficient to allege it.

The defendants argue that such a right of action was not recognized at common law and therefore, in the absence of statute, it cannot exist in Connecticut today. When Samuel D. Warren and Louis D. Brandeis first gave form and substance to the right to privacy in 1890, it was one objective of their discussion in 4 Harvard Law Review 193 to demonstrate that the right found support in common-law principles. Underlying their reasoning is the prem-

ise that the common law is not static and its protecting arm does not become immobilized from lack of precedent.

In the years intervening since the right was thus defined, a constantly increasing number of jurisdictions have recognized its independent existence. Press, photography, radio and television represent elements in constantly changing conditions which impinge upon individual privacy. With the environmental changes of modern living has grown the need that man's inner nature and feelings as well as his body and possessions receive the protection of the law. Hence, the right to privacy has become established in nearly half the states.

Nice distinctions between the traditional fields of law and equity are not always made in the reported cases, and in a few states the problem has been met by statute. The line to be drawn between reasonable demands of individual privacy and the public interest in legitimate news is not always easy to define, but the boundary is more readily perceived in the case of commercial advertising. A leading case supporting the right as it relates to the use of a picture in advertising is *Pavesich* v. *New England Life Ins. Co.,* 122 Ga. 190, 69 L.R.A. 101, 106. To set forth here a detailed discussion of the basis for and limitations upon the right would amount only to repetition of fully developed reasoning in decisions readily at hand. An able and full analysis with which this court finds no ground for disagreement, again relating to the unauthorized publication of a photograph in advertising, is found in *Eick* v. *Perk Dog Food Co.,* 347 Ill. App. 293. The decision in that case defines the nature and limitations of the right and catalogues authorities in detail. Decisions and legal articles are also abundantly cited in *Pallas* v. *Crowley, Milner & Co.,* 322 Mich. 411, and in the footnote to *Hazlitt* v. *Fawcett Publications, Inc.,* 116

F. Sup. 538, 542. No case decided within the last fifteen years has been found in which the existence of a right of privacy has been denied. Decisions which originally denied the right have, with apparently a single exception, since been overruled, modified or altered by statute. Rhode Island appears to stand alone as an unqualified precedent for denying a recovery in damages for an invasion of the right of privacy. *Henry* v. *Cherry & Webb,* 30 R.I. 13, 43.

The right of privacy, as developed, finds expression in the Restatement, 4 Torts § 867, as follows: "A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other." The statement of the rule emphasizes the importance of the facts of the individual case presented. The recognition of the right as a basis for a tort action in jurisdictions faced with the question unaided by statute, and the practical unanimity of recent opinion, place the right within the purview of the common law. The first ground of demurrer is overruled.

The second ground of demurrer is that the facts alleged do not state a cause of action. From the facts alleged, including the advertisement in issue filed as an exhibit and made part of the complaint by reference, the pitfalls ahead for the plaintiff are readily apparent. Those obstacles, however, lie in the proof which must be offered. The issue now is whether or not the allegations made are adequate to permit the offer of the essential proof. Liability for a violation of the right of privacy exists if the defendant's conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities. Restatement, 4 Torts § 867, comment d. The complaint, in addition to alleging publication without the plaintiff's consent, states

that by reason of it she was "subjected to ridicule, embarrassment, vexation, and humiliation." This is a sufficient statement of a cause of action, and the second ground of demurrer is overruled.

The third ground of demurrer in substance would have the court as a matter of law exercise the province of the jury. In addition to other allegations of damage the plaintiff alleges that her "private life and property was invaded, trespassed and encroached upon." Any evaluation of damages for trespass to property rights, at least, must await proof.

The demurrer is overruled on all grounds.