Rose Carey *v.* The Statewide Finance Company

Circuit Court Fifth Circuit
 File No. CV 5-666-6400

Memorandum filed September 19, 1966

*William K. Bennett,* of Ansonia, for the plaintiff.

*Leo Vine,* of Shelton, for the defendant.

Wise, J. The complaint alleges that the plaintiff, although not indebted to the defendant, began receiving telephone calls and calls at her home by an agent of defendant "harassing her and insisting she make payment of the alleged debt of her husband," which harassment and annoyance of the plaintiff continued for many months. The complaint further alleges: "In December, 1964, Plaintiff was compelled to undergo an operation at the Griffin Hospital, Derby, Connecticut. While a patient there and while she was in the recovery room, Defendant continued to harass and annoy Plaintiff. Such harassment by the Defendant was willful and wanton and an invasion of the Plaintiff's right of privacy. As a result of the wrongful invasion of her right to privacy, the Plaintiff has suffered and will suffer great mental pain, suffering and distress which in turn has impaired her physical well being. The acts of the Defendant were willful and in reckless disregard of the right of the Plaintiff to be free from such unwarranted interference." The defendant demurred to the plaintiff's complaint "because it fails to set forth a cause of action in Connecticut."

From the wording of this demurrer on its face, it is not clear whether it intended to present the question whether, in this state, a tort action will lie for an invasion of the right of privacy or to present the question whether the facts alleged state a cause of action. However, in argument on the instant motion, defendant, if it did not concede without any reservation that an action will lie for an invasion of the right of privacy, proceeded on the theory that the facts alleged in the complaint are inadequate to establish a violation of that right.

The right of privacy has had an interesting history. Its basic concept in various forms is not new, but in this country its chief impetus as an independent right seems to have originated in an article by Samuel D. Warren and Louis D. Brandeis in 1890 in 4 Harvard Law Review 193. Perhaps the first recognition of the right by a court of last resort was in *Pavesich* v. *New England Life Ins. Co.,* 122 Ga. 190 (1905). Since this decision, the right of privacy has been recognized by nearly half the states, and as stated in *Korn* v. *Rennison,* 21 Conn. Sup. 400, 403, "No case decided within the last fifteen years has been found in which the existence of a right of privacy has been denied." Annotations on the subject appear in 138 A.L.R. 22, 91; 168 A.L.R. 446, 462; 14 A.L.R.2d 750; and 91 A.L.R. 1495; see also Prosser, Torts (3d Ed.) § 112, pp. 830, 833, and, generally, Restatement, 4 Torts § 867.

A tort action will lie in this state for an invasion of the right of privacy. This was decided in a well-documented and reasoned opinion in *Korn* v. *Rennison,* supra; see *Steding* v. *Battistoni,* 3 Conn. Cir. Ct. 76. Does the plaintiff's complaint set forth a cause of action in Connecticut? The court is of the opinion that it does.

The defendant cites *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, and *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, as authority that the complaint does not set forth a cause of action. The complaints in these cases are distinguishable from the instant one. In the pertinent portion of the complaint in the *Urban* case as it can be applied to the instant one by analogy, its allegations more nearly approach a statement of a cause of action in slander than anything else, and for that purpose they are inadequate. The same applies to the *Stavnezer* case. In the instant case, the allegations in the complaint set forth an entirely different factual situation. In the opinion of the court, the *Urban* and *Stavnezer* cases sustain the sufficiency of the allegations of the complaint in the instant case to state a cause of action.

In the instant case, the defendant, through its agent, deliberately initiated a systematic campaign of harassment of the plaintiff, not only in numerous telephone calls but calls at her home, and even while the plaintiff was a patient in a hospital, having undergone an operation, the defendant "continued to harass and annoy" her. All these calls concerned a debt which the plaintiff did not owe, and this course of conduct was intended to harass her and compel her to make payment of an alleged debt of her husband. The complaint alleges that the harassment by the defendant "was willful and wanton and an invasion of the Plaintiff's right of privacy" and that as a result of defendant's conduct "the Plaintiff has suffered and will suffer great mental pain, suffering and distress which in turn has impaired her physical well being."

The effect of the demurrer was to admit the allegations of the complaint and to admit any facts provable under it as alleged. Whether the plaintiff

will be able to sustain her burden of proof remains to be seen. This is not the issue now. The issue is whether the plaintiff's complaint sets forth a sufficient statement of a cause of action to permit proof thereunder. The court is of the opinion that it does. The conduct of the defendant as alleged in plaintiff's complaint falls outside the bounds of reasonable methods which may be pursued in an effort to collect a debt and is actionable as an invasion of plaintiff's right to privacy.

The demurrer is overruled.